UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Rita P. Macon,<br><br>             Plaintiff,<br><br>vs.<br><br>State Farm Insurance,<br><br>             Defendant. | ) C/A 8:08-0179-RBH-BHH<br>)<br>)<br>)<br>) Report and Recommendation<br>)<br>)<br>)<br>) |

Plaintiff has filed this action, *pro se*, against "State Farm Insurance" in Deluth, Georgia. Plaintiff is a resident of Belton, South Carolina. She alleges in her complaint the following:

> I am claiming medical expenses, pain and suffering and punitive damage from State Farm Insurance due to my auto accident of 10/6/05. The driver, who impacted my car from the rear was insured by State Farm, but State Farm refuses to assist me with adequate compensation.

Complaint @ 3.

In her prayer for relief plaintiff states that she seeks "[r]estitution: medical expense, pain and suffering punitive damages."

**STANDARD OF REVIEW**:

In order for this Court to hear and decide a case, the Court must first have jurisdiction over the subject matter of the litigation. It is well settled that federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, *Willy v. Coastal Corp.,* 503 U.S. 131, 136-37(1992); *Bender v. Williamsport Area School Dist.,* 475 U.S. 534, 541, (1986), which is not to be expanded by judicial decree, *American Fire & Casualty Co. v. Finn,* 341 U.S. 6 (1951). It is to be presumed that a cause lies outside this limited jurisdiction, *Turner v. Bank of N. Am.,* 4 U.S. (4 Dall.) 8, 11(1799),

and the burden of establishing the contrary rests upon the party asserting jurisdiction, *McNutt v. Gen. Motors Acceptance Corp.,* 298 U.S. 178, 182-83(1936). Additionally, "[i]t is the duty of this and every court to raise jurisdiction at any time it may appear to be in doubt, *sua sponte* if necessary." *Doe v. United States Department of Justice*, 753 F.2d 1092, 1121 n.4 (D.C. Cir. 1985).

Under Fed R. Civ. P. 8(a)(1), every plaintiff bears the burden of offering in his pleading "a short and plain statement of the grounds upon which the court's jurisdiction depends, ..." and it is well established that "a plaintiff suing in a federal court must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction; and if he does not do so, the court...*must* dismiss the case, unless the defect be corrected by amendment." *Randazzo v. Eagle-Picher Industries, Inc.*, 117 F.R.D. 557, 558 (E.D.Pa. 1987)(emphasis in original), *quoting Smith v. McCullough*, 270 U.S. 456, 459 (1926). While pleadings of *pro se* litigants are held to "less stringent standards" than those filed by litigants with counsel and must be construed liberally", *Haines v. Kerner*, 404 U.S. 519, 520 (1972), even *pro se* litigants "must still allege a cause of action that falls within the subject matter jurisdiction of this Court." *Id. See also Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

**LACK OF SUBJECT MATTER JURISDICTION**:

The two most commonly recognized and utilized bases for federal court jurisdiction are (1) "federal question," 28 U.S.C. § 1331, and (2) "diversity of citizenship." 28 U.S.C. § 1332. The allegations contained in the Complaint filed by Plaintiff in this case do not fall within the scope of either form of this Court's limited jurisdiction, and there is no other possible basis for federal jurisdiction evident.

First, there is no basis for a finding of diversity jurisdiction over this Complaint. The diversity statute, 28 U.S.C. § 1332(a), requires *complete* diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00):

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between-
>
> (1) citizens of different States [.]

28 U.S.C. § 1332.

Complete diversity of parties in a case means that no party on one side may be a citizen of the same state as any party on the other side. *Owen Equip. & Erection Co. v. Kroger,* 437 U.S. 365, 372-74 (1978). "Courts have consistently interpreted §1332(c) to mean exactly what it says: a party must allege a corporation's state of incorporation *and* principal place of business." *Randazzo*, 117 F.R.D. at 558 (emphasis in original), *citing Joiner v. Diamond M. Drilling Co.*, 677 F.2d 1035 (5th Cir. 1982) and *Moore v. Sylvania Electric Products, Inc.*, 454 F.2d 81, 84 n.1 (3rd Cir. 1972). Plaintiff, however, has failed to provide the Defendant's state of incorporation and principal place of business. The caption of the complaint indicates that the defendants are located in Deluth, Georgia. This is not sufficient to meet the pleading standard.

Also, the plaintiff has failed to plead the amount of restitution she is seeking. No monetary value is listed anywhere in the complaint. Plaintiff bears the burden of showing her claim is in excess of the minimum statutory requirement. *Tonghook Am., Inc. v. Shipton Sportswear Co.,* 14 F.3d 781, 784 (2nd Cir. 1994) ("A party invoking the jurisdiction of the federal court has the burden of proving that it appears to a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount") (*citing Moore v. Betit*, 511

F.2d 1004, 1006 (2 Cir. 1975)).

Wright and Miller have noted that "[t]he essential elements of diversity jurisdiction must be alleged in the pleadings. A natural corollary is the principle that jurisdiction cannot be conferred by consent of the parties, nor can the requirements be waived by inaction; the court has a duty to determine on its own whether diversity of citizenship exists. The burden is on the party asserting jurisdiction, typically the plaintiff." 13B Charles A. Wright and Arthur Miller, Federal Practice and Procedure, § 3602, at 372-375, (1984).

Thus, although the Complaint and the parties listed therein *might* meet the complete diversity requirement because Plaintiff appears to be a resident of South Carolina while Defendant appears to be a business concern located in Georgia, this Court cannot say complete diversity exists with any certainty because the pleading requirements have not been met. This fact, coupled with plaintiff's failure to allege an amount in controversy leaves this Court without diversity jurisdiction under 28 U.S.C. § 1332.

Second, it is clear that the essential allegations contained in the Complaint are insufficient to show that the case is one "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. That is, the Complaint does not state a claim cognizable under this Court's "federal question" jurisdiction. Plaintiff's Complaint raises issues pertaining to an automobile accident. Generally, such disputes are a matter of state law to be heard in the state courts, unless diversity of citizenship is present. *See Mail Mart, Inc. v. Action Mktg. Consultants, Inc.*, 314 S.E.2d 351 (1984); *Rowland v. Pruitt,* 116 S.E. 456 (1923).

Furthermore, Plaintiff's allegations do not contain any reference to an alleged violation of any federal statute or constitutional provision by Defendant, nor is any type of

federal question jurisdiction otherwise evident from the face of the Complaint. Even if Plaintiff had made assertions that federal rights were violated, this Court would not be bound by such allegations and would be entitled to disregard them if the facts did not support Plaintiff's contentions. When considering the issue of whether a case is one "arising under the Constitution ..." or, in other words, whether "federal question" jurisdiction is present, a federal court is not bound by the parties' characterization of a case. District courts are authorized to disregard such characterizations to avoid "unjust manipulation or avoidance of its jurisdiction." *Lyon v. Centimark Corp.,* 805 F.Supp. 333, 334-35 (E.D.N.C.1992); see *Louisville & Nashville R.R. v. Mottley,* 211 U.S. 149 (1908); *cf. Gully v. First Nat'l Bank in Meridian,* 299 U.S. 109 (1936) ("Not every question of federal law emerging in a suit is proof that a federal law is the basis of the suit."); *Bonner v. Circuit Ct. of St. Louis,* 526 F.2d 1331, 1336 (8th Cir.1975) (federal constitutional claims are cognizable in both state courts and in federal courts: "Congress and the federal courts have consistently recognized that federal courts should permit state courts to try state cases, and that, where constitutional issues arise, state court judges are fully competent to handle them subject to Supreme Court review.").

Additionally, purely private conduct such as that alleged in this case, no matter how wrongful, injurious, fraudulent, or discriminatory, is not actionable under 42 U.S.C. § 1983 or under the Fourteenth Amendment, the two most common provisions under which persons come into federal court to claim that others have violated their constitutional rights. *See Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 936 (1982); *Burton v. Wilmington Parking Auth.,* 365 U.S. 715, 721 (1961). As stated above, Plaintiff does not cite to either 42 U.S.C. § 1983 or the Fourteenth Amendment in her Complaint, nor does she claim that the

Defendant, a private business, violated her constitutional rights.

Even if she had included such allegations, however, they would not establish "federal question" jurisdiction over this case because there are no additional allegations of "state action" in connection with the auto accident of which Plaintiff complains. In order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: *(1)* the defendant(s) deprived him or her of a federal right, and *(2)* did so under color of state law. *Gomez v. Toledo,* 446 U.S. 635, 640 (1980); see *Hall v. Quillen,* 631 F.2d 1154, 1155-56 & nn. 2-3 (4th Cir.1980). Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes "state action." *See, e.g., Blum v. Yaretsky,* 457 U.S. 991, 1002 (1982). To qualify as state action, the conduct in question "must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible," and "the party charged with the [conduct] must be a person who may fairly be said to be a state actor." *Lugar v. Edmondson Oil Co.,* 457 U.S. at 937; see *U.S. v. Int'l Brotherhood of Teamsters, Chauffeurs, Warehousemen Helpers of Am., AFL-CIO,* 941 F.2d 1292 (2d Cir.1991). As noted, there are no allegations in Plaintiff's Complaint which attribute any of Defendants' actions to state action; therefore, even if the Complaint could be liberally construed to "imply" an allegation of constitutional rights violations by the Defendant, such implied interpretation would not establish "federal question" jurisdiction in this case. In the absence of either diversity or federal question jurisdiction over the parties' dispute, this case should be summarily dismissed without issuance of process for the Defendant.

**RECOMMENDATION**:

Accordingly, it is recommended that the District Court dismiss the Complaint in this case *without prejudice* and without issuance and service of process because this Court lacks subject matter jurisdiction to hear plaintiff's dispute.

Greenville, South Carolina
June 2, 2008

s/Bruce Howe Hendricks
United States Magistrate Judge

***The plaintiff's attention is directed to the important NOTICE on the next page.***

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).